25CA1355 Peo in Interest of Zaczek 12-18-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA1355
Pueblo County District Court No. 25MH30008
Honorable Amiel Markenson, Judge

---

The People of the State of Colorado,

Petitioner-Appellee,

In the Interest of Brian Zaczek,

Respondent-Appellant.

---

ORDER AFFIRMED

Division VI
Opinion by JUDGE SULLIVAN
Welling and Gomez, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 18, 2025

---

Cynthia Mitchell, County Attorney, Kate H. Shafer, Special Assistant County Attorney, Pueblo, Colorado, for Petitioner-Appellee

Tezak Law, P.C., Mary Tezak, Florence, Colorado, for Respondent-Appellant

¶ 1     Brian Zaczek appeals the district court's order authorizing staff at the Colorado Mental Health Hospital in Pueblo (the hospital) to medicate him without his consent.  We affirm.

## I.     Background

¶ 2     Zaczek was admitted to the hospital in December 2024 after a district court found him incompetent to proceed in three criminal cases.  He was originally diagnosed with an unspecified mood disorder.  His symptoms included having disorganized thinking and being delusional and paranoid.  Based on his belligerent behavior, which included threatening staff members and another patient, as well as repeatedly refusing to take psychiatric medications, his doctor started him on emergency medications.

¶ 3     In January 2025, the district court granted the State's petition to medicate Zaczek involuntarily with two antipsychotic medications — Zyprexa (olanzapine) and Haldol (haloperidol) — and the mood-stabilizing medication Depakote (valproic acid).

¶ 4     In July 2025, the State again petitioned the district court for authorization to medicate Zaczek involuntary, this time limiting its request to only Zyprexa and Depakote.

¶ 5     At the hearing on the petition, Zaczek's psychiatrist at the hospital, an expert in clinical psychiatry, testified that, although Zaczek had shown improvement, he continued to exhibit symptoms of having disorganized thinking and being delusional, paranoid, and irritable.  The psychiatrist had refined his diagnosis of Zaczek to an unspecified bipolar disorder, which he testified constitutes a substantial disorder that grossly impairs Zaczek's judgment or capacity to recognize reality or control behavior.  The psychiatrist also testified that Zaczek doesn't believe that he has a mental illness or needs to take any psychiatric medications.  The psychiatrist opined that continuing to treat Zaczek with Zyprexa and Depakote was necessary to prevent a significant and likely long-term deterioration of his mental condition.  The psychiatrist (1) explained the potential side effects of the medications; (2) testified that Zaczek has gained some weight while in the hospital and reported experiencing gastrointestinal side effects, blurry vision, photosensitivity, and shaky hands; and (3) testified that Zaczek was taking other medications to alleviate side effects. Ultimately, the psychiatrist opined that Zaczek's need for the medications, as evidenced by the improvement in his mental state

and decrease in threatening and aggressive behavior, outweighs his interest in avoiding the side effects.

¶ 6    Zaczek testified that he doesn't have a mental illness, that he prefers not taking any medications, that the medications haven't helped him, and that he won't take the medications without a court order.  He testified that, while on the medications, his Crohn's disease has worsened, he has developed gastrointestinal ulcers, and he has experienced diarrhea and constipation.  He also testified that he has gained weight and has experienced foggy vision, fuzzy thoughts, loss of balance, and headaches.

¶ 7    The psychiatrist was recalled to the witness stand, testifying that the medications don't cause gastrointestinal ulcers.

¶ 8    Following the testimony, the district court found that the psychiatrist had testified credibly and persuasively, and it adopted the psychiatrist's opinions.  The court then examined each of the four elements of the test from *People v. Medina,* 705 P.2d 961, 973 (Colo. 1985).  It concluded that the State had met its burden of proving all four elements by clear and convincing evidence and granted the petition to involuntarily medicate Zaczek.

## II.    Applicable Law and Standard of Review

¶ 9    The parties agree that the *Medina* test applies here.  Under that test, a district court may authorize the involuntary administration of medication if the State demonstrates by clear and convincing evidence that (1) the patient is incompetent to effectively participate in the treatment decision; (2) the treatment is necessary to prevent a significant and likely long-term deterioration in the patient's mental health condition or to prevent the likelihood of the patient causing serious harm to himself or others at the institution; (3) a less intrusive treatment alternative isn't available; and (4) the patient's need for treatment is sufficiently compelling to override any bona fide and legitimate interest of the patient in refusing treatment.[1]  *Id.*

---

[1] A different test applies to petitions to administer medication involuntarily for the purpose of restoring competency for a criminal proceeding.  *See People in Interest of R.F.*, 2019 COA 110, ¶¶ 10-15 & n.1 (discussing the test from *Sell v. United States*, 539 U.S. 166, 180 (2003)).  Although Zaczek was admitted to the hospital for that purpose, the petition's stated purpose, and the district court's basis for granting the petition, was to prevent a significant and long-term deterioration in Zaczek's mental condition, which is relevant to the second *Medina* element.  *See R.F.*, ¶ 11 n.1.

¶ 10    Application of the *Medina* test involves mixed questions of fact and law. *People v. Marquardt*, 2016 CO 4, ¶ 8. We defer to the district court's factual findings if they have record support, while we review the court's legal conclusions de novo. *Id.* Resolving conflicts in testimony and determining the credibility of the witnesses are matters solely within the province of the district court. *People in Interest of Ramsey*, 2023 COA 95, ¶ 23.

## III.    Analysis

¶ 11    Zaczek states expressly in his opening brief that he doesn't contest the district court's rulings that the State met its burden of proving the first and third *Medina* elements.

¶ 12    As to the second *Medina* element, Zaczek initially argues in his opening brief that "the People failed to establish the second and fourth [*Medina*] elements by clear and convincing evidence." But in specifically addressing the second *Medina* element, Zaczek says that "[t]his element is uncontested." And in the conclusion of his opening brief, he challenges only the fourth *Medina* element, arguing that the district court "erred when it found that element four of *Medina* was met by clear and convincing evidence." Because Zaczek doesn't present any specific argument challenging the

district court's ruling on the second *Medina* element, we won't address it. *See* C.A.R. 28(a)(7)(B); *People in Interest of C.N.*, 2018 COA 165, ¶ 44.

¶ 13 As to the fourth *Medina* element, Zaczek contends that the State presented insufficient evidence to show that his need for the medications is sufficiently compelling to override his bona fide and legitimate interest in not taking them.

¶ 14 In analyzing the fourth *Medina* element, a court first determines "whether the patient's refusal is bona fide and legitimate." *Medina*, 705 P.2d at 974. If so, the court then determines "whether the prognosis without treatment is so unfavorable that the patient's personal preference must yield to the legitimate interests of the state in preserving the life and health of the patient placed in its charge and in protecting the safety of those in the institution." *Id.*

¶ 15 On a sufficiency challenge, we must determine whether the evidence, viewed as a whole and in the light most favorable to the State, is sufficient to support the district court's order. *People in Interest of R.K.L.*, 2016 COA 84, ¶ 13. The testimony of the

physician seeking to administer treatment may be sufficient, without more, to satisfy the *Medina* test. *Id.* at ¶ 30.

¶ 16 The district court found that Zaczek's interest in avoiding the side effects he has been experiencing is bona fide and legitimate. But the court also found that Zaczek's prognosis without the medications is so unfavorable that his personal preference must yield to the State's legitimate interest in preserving his life and health and in protecting the safety of others in the hospital. In doing so, the court found that Zaczek's deteriorating mental health alone would have been sufficient to make that finding, but that Zaczek's threatening behavior toward staff members and another patient strengthened that finding "above and beyond."

¶ 17 The record supports the district court's finding that the State sufficiently proved the fourth *Medina* element. The court credited the psychiatrist's testimony and adopted his opinions that Zaczek had shown improvement on the medications and that continuing to treat Zaczek with the medications was necessary to prevent a significant and likely long-term deterioration of his mental condition. Given the district court's credibility determination, we discern no error in its finding that Zaczek's compelling need for the

medications outweighs his interest in avoiding the side effects he has experienced. *See Ramsey*, ¶ 23; *R.K.L.*, ¶¶ 13, 30.

¶ 18     Zaczek's arguments on appeal, emphasizing both the side effects he has experienced and the medications' other side-effect risks, effectively amount to a disagreement with the way the district court balanced the two considerations. But in solely emphasizing his side effects, Zaczek downplays the psychiatrist's testimony about the compelling need to treat his psychiatric condition with the medications. Given that the district court credited the psychiatrist's testimony and adopted his opinions, we discern no error. *See Ramsey*, ¶ 23; *R.K.L.*, ¶¶ 13, 30.

IV.    Disposition

¶ 19     We affirm the order.

JUDGE WELLING and JUDGE GOMEZ concur.